A. J. TOWER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11402. Promulgated April 22, 1929.

W. S. *Felton, Esq.*, for the petitioner.
L. L. *Hight, Esq.*, for the respondent.

## OPINION.

ARUNDELL: The first issue relates to respondent's action in computing amortization allowable to petitioner as a deduction from gross income for the calendar years 1918 and 1919 under the provisions of section 234(a)(8) of the Revenue Act of 1918. Petitioner claims the right to deduct the total amount of the loss in value of the facilities, which it is agreed was $67,937.80, irrespective of the fact that in 1920 the War Department, in settlement of its claims on account of cancellation of the contracts, for performance of which the facilities were acquired, paid $78,477.61, and that $39,809.38 of this amount was paid on account of the loss in value of facilities, the amounts paid by the War Department being reported as income by petitioner for the year 1920. Respondent in determining the amount allowable as a deduction reduced the total amortization by the amount of $39,809.38 reimbursed to petitioner in 1920.

Section 234 (a) (8) of the Revenue Act of 1918 provides:

In the case of buildings, machinery, equipment, or other facilities, constructed, erected, installed, or acquired, on or after April 6, 1917, for the production of articles contributing to the prosecution of the present War, and in the case of vessels constructed or acquired on or after such date for the transportation of articles or men contributing to the prosecution of the present War, there shall be allowed a reasonable deduction for the amortization of such part of the cost of such facilities or vessels as has been borne by the taxpayer, but not again including any amount otherwise allowed under this title, or previous Acts of Congress as a deduction in computing net income. * * *

The petitioner in filing its returns for the taxable years in question had the right, under the provision quoted, to a deduction, in arriving at net taxable income, of such part of the amortization of his war facilities as was borne by him. It is agreed that the difference between the cost and the postwar value of such facilities was $67,937.80 and petitioner took credit for this amount. The question for decision is whether this basis should be decreased by an amount paid in a subsequent year by the Government upon a claim filed by petitioner for damages suffered by him due to cancellation of his contracts, one of the allowed elements of such damage being a part of the cost to him of facilities installed for the manufacture of the materials called for by the contracts.

In the case of *G. M. Standifer Corporation*, 4 B. T. A. 525, we laid down this rule (p. 558):

Whether the Government contracts under which a taxpayer produced articles contributing to the prosecution of the war specifically provided for amortization as such or, in other words, provided that the Government would pay the cost, or any part thereof, of the facilities acquired or constructed by a taxpayer in order to carry out the contracts, seems to us to be not controlling. The real question is: *Did the Government actually pay or bear the expense of such facilities?* If it did, such part of the cost borne by the Government must be subtracted from the cost of facilities acquired by the taxpayer upon which the amortization deduction is allowed. There is no deduction allowed to a taxpayer with respect to such part of the cost of facilities which was not borne by him. *Whether such cost of facilities was actually borne by the Government originally when the facilities were acquired, or whether it was borne by the Government subsequently when the settlements of the contracts were made between Government and the taxpayer, is immaterial.* We believe that the contention of the Government in this regard, as a matter of law, is well founded, but whether such principle is applicable to the facts in this case presents more difficulty. (Italics added.)

In that case we concluded that the amortizable cost of war facilities should not be reduced by the amount of the Government award, which was a lump sum settlement, because it was not shown that any part of the claim for the cost of facilities was allowed in the settlement that was made. In *Liberty Iron Works*, 6 B. T. A. 181, and *Rosenwald & Weil, Inc.*, 11 B. T. A. 921, we held, citing the *Standifer* case, that the amortizable cost was properly reduced on account of awards made. In neither case does it appear that the contracts provided for the Government bearing any part of the cost of facilities. In the *Liberty* case the award involved was " for loss in value of special facilities chargeable to cancelled contracts " and in *Rosenwald & Weil* it was made " as reimbursement for part of the cost of special facilities." Under these decisions it is not necessary for the Government to have contracted in the first instance to pay a part of the cost of the facilities or that it later recognized a contract liability in that respect; whether or not there is any contractual liability, if the Government pays or bears any part of the cost, then so much has not been borne by the taxpayer and the cost must be reduced accordingly for amortization purposes.

Petitioner argues that under the established principle of computing tax on an annual basis the payment received in 1920 should not be related back to 1918 and 1919 so as to affect income for those years. Section 234(a) (8) specifically provides for a reexamination of returns filed and redetermination of taxes on account of adjustments for amortization of war facilities.

There is no issue raised as to the allocation by the respondent of the deductions allowed for the years 1918 and 1919.

Upon the remaining issue we hold that respondent's action in reducing invested capital for each of the taxable years in question by deducting from income available for dividends an amount representing a tentative tax upon earnings for that year, but not due or payable within such year, was in error. Current earnings or accumulated surplus may not be so reduced. *L. S. Ayers & Co.*, 1 B. T. A. 1135; *Blair* v. *Ragley Lumber Co.*, 30 Fed. (2d) 683.

The deficiencies should be recomputed in accord with the foregoing findings of fact and opinion.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

TRUSSELL dissents.